[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 04, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14608
Non-Argument Calendar

_____

D. C. Docket No. 08-21459-CV-JAL

YOLANDA SALAZAR,
MARLON SALAZAR,
GLADYS MCBRIDE,

Plaintiffs-Appellants,

versus

SANTA BARBARA TOWNHOMES OF HOMESTEAD, INC.,
a Florida corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 4, 2009)

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Yolanda Salazar, Marlon Salazar, and Gladys McBride ("Purchasers") appeal the district court's order granting Santa Barbara Townhomes of Homestead, Inc.'s ("Santa Barbara") motion to dismiss. The Purchasers allege that Santa Barbara violated the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701 *et. seq.*, by failing to file a statement of record with the Department of Housing and Urban Development and by omitting several provisions required by ILSFDA from their purchase contracts. Santa Barbara contends that the purchase agreements are exempt from ILSFDA pursuant to 15 U.S.C. § 1702(a)(2).

Section 1702(a)(2) provides that ILSFDA "shall not apply to . . . the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years. . . ." Santa Barbara's contracts with the Purchasers provide that Santa Barbara "is required to complete and does agree that the construction of the Home will be completed within a period of two (2) years from Purchaser's execution of this Agreement." The contracts further provide that "[i]t is the express intent of the parties that the parties' rights and obligations under this Agreement be construed in the manner necessary to exempt this Agreement and the sale of the Home from registration under the Interstate Land Sales Full Disclosure Act, and both Purchaser and Seller hereby expressly waive ay right or provision of this Agreement that would otherwise preclude exemption." Thus,

2

Santa Barbara's contracts with the Purchasers are exempt from ILSFDA because the contracts provide that Santa Barbara "is required" to complete construction on each home "within a period of two (2) years. . . ."

In *Samara Development Corp. v. Marlow*, 556 So. 2d 1097, 1101 (Fla. 1990), the Supreme Court of Florida held "that without the availability of at least both specific performance and damages the obligation to complete the construction within two years is illusory." Relying on *Samara*, the Purchasers contend that their contracts do not actually obligate Santa Barbara to complete construction within two years because the contracts limit their ability to seek specific performance or damages.

Both specific performance and damages are available to the Purchasers under their contract with Santa Barbara. Although, in Section 16, the contract generally limits the Purchasers' remedy for Santa Barbara's breach to a return of their deposit and liquidated damages, the contract specifically provides that "[n]otwithstanding anything contained in this Section 16 to the contrary, in the event of Seller's default under Section 9 [requiring completion within two years] of this Agreement, the Cure Period shall not apply and Purchaser shall have all remedies available at law and in equity without limitation or restriction." A provision providing for "all remedies available at law and in equity without

3

limitation or restriction" more than satisfies the standard for obligation set out in *Samara*. Additionally, we agree with the district court that the contracts' prohibition on the filing of a lis pendens does not foreclose the Purchasers' equitable remedies.

## CONCLUSION

Upon review of the parties' briefs and the record, we discern no reversible error. Accordingly, we affirm the district court's well reasoned order.

**AFFIRMED.**